UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NAOMI FAY,                                                      DOCKET NO.:

                                    *Plaintiff*,

          -against-

CITY OF NEWBURGH, JOSEPH P. DONAT (in his          **COMPLAINT**
individual and official capacity),
                                                   ***JURY TRIAL DEMANDED***

                                    *Defendants*.
-------------------------------------------------------------------X

PLAINTIFF, **NAOMI FAY** by and through her attorneys, the LAW OFFICES OF
FREDERICK K. BREWINGTON, as and for her Complaint, against the DEFENDANTS, **CITY OF
NEWBURGH** (hereinafter "CITY" or "NEWBURGH") , and **JOSEPH P. DONAT** (hereinafter
"DEFENDANT DONAT" or "DONAT")(in his individual and official capacity), hereinafter
collectively "**DEFENDANTS**",  states and alleges as follows:

## PRELIMINARY STATEMENT

1.       This is a civil action seeking monetary relief (including past and on going economic
loss), declaratory judgment, compensatory and punitive damages, disbursements, costs and fees for
violations of the PLAINTIFF's rights, brought pursuant to the Title VII of the Civil Rights Act of
1964, 42 U.S.C. 2000 *et seq.* (as amended), 42 U.S.C. §§1983, and New York State's Human Rights
Law, Executive Law section 296, on the basis of PLAINTIFF's gender, as PLAINTIFF was
subjected to a hostile work environment, sexual harassment, retaliation for opposing discrimination
based on sex, gender, as well as wrongful termination.

2.       Specifically, the PLAINTIFF alleges that the collective DEFENDANTS negligently,
wantonly, recklessly, intentionally, and knowingly sought to and did wrongfully deprive PLAINTIFF

of her employment, position, title, and pay through discrimination, retaliation, misrepresentation, misinformation, harassment, and character assassination, and upon doing so wreaked substantial distress upon the PLAINTIFF.

3.     Said acts were done knowingly with the consent and condonation of CITY OF NEWBURGH (hereinafter "CITY" or "NEWBURGH"), and JOSEPH P. DONAT(hereinafter "DEFENDANT DONAT") with the express purpose of harassing, abusing, removing and silencing the PLAINTIFF, and generally violating her rights as protected by the United States and New York State Constitutions, and federal and state statutes, rules and regulations.

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked under 28 U.S.C. section 1331 and 1343.

5.     This court is requested to exercise pendant jurisdiction with respect to PLAINTIFF's State law claims pursuant to 28 U.S.C. section 1367.

6.     Venue in the Southern District of New York is proper under 28 U.S.C. section 1391, based on the fact that PLAINTIFF's residence was in Orange County, New York, DEFENDANT DONAT resided in the State of New York at the time of the matters referenced in this complaint and DEFENDANT CITY OF NEWBURGH, is a municipal corporation, duly organized and existing under and by virtue of the laws of New York and is located in the Southern District of New York.

7.     Prior hereto, on June 6, 2019, PLAINTIFF filed Charge of Discrimination 10202249, against DEFENDANTS CITY OF NEWBURGH, and JOSEPH P. DONAT, with the New York State Division of Human Rights (hereinafter "NYSDHR") under case number 10202249 alleging unlawful discriminatory practice relating to employment because of gender, sex, sexual harassment, hostile work environment and opposed discrimination/retaliation for DEFENDANTS'

wrongful acts based on gender, and discrimination in employment. PLAINTIFF also cross filed a

charge with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"),

under EEOC Charge No. 16G-2019-03976.

8.      On or about June 6, 2019, Plaintiff first filed a New York State Division of Human

Rights  complaint against the CITY OF NEWBURGH and JOSEPH P. DONAT, charging the

DEFENDANTS with unlawful discriminatory practice relating to employment because of sex and

opposed discrimination/retaliation.

9.      On December 13, 2019, the NYSDHR, after concluding its investigation, determined

that probable cause exists to believe that the Defendant has engaged in or is engaging in the unlawful

discriminatory practice complained of.

10.     Plaintiff has requested and received a Dismissal for Administrative Convenience from

the New York State Human Rights Commission, due to Plaintiff's desire to pursue her claims in

Federal Court. That Administrative Dismissal was issued on January 5, 2021.

11.     Plaintiff received a  Notice of Suit Rights on January 15, 2021.

12.     The Notice was dated January 5, 2021, on the signature of  Judy A. Keenan, District

Director of the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").

13.      The postmark on the envelope in which the Notice was sent, indicates that the Notice

was sent on January 13, 2021.

14.     Further, the postage used to pay for the mailing of the letter is dated August 13, 2020,

which is prior to when the Notice of Suit Rights was issued.

15.     This suit is being filed within 90 days of receipt of the Notice of Suit Rights. (See

**Exhibit A**).

16.     Each of the DEFENDANTS at all times relevant to this action had the power and the duty to restrain the other DEFENDANTS and prevent them from violating the law and the rights of the PLAINTIFF but each of the DEFENDANTS failed and refused to perform that duty, failed and refused to restrain the other DEFENDANTS and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the PLAINTIFF.

## PARTIES

17.     PLAINTIFF, NAOMI FAY, at all times relevant in this Complaint, was an employee of DEFENDANT CITY OF NEWBURGH and is a citizen of the United States of America. PLAINTIFF currently resides in the County of Snohomish, State of Washington, however was a resident of New York during all relevant times mentioned in this complaint.

18.     During all times relevant in this Complaint, DEFENDANT, CITY OF NEWBURGH, (hereinafter "NEWBURGH") is a municipal corporation, duly organized and existing under and by virtue of the laws of New York State, and employed PLAINTIFF for nine (9) years.

19.     During all times relevant in this Complaint, DEFENDANT DONAT was employed as an Interim City Manager by the CITY OF NEWBURGH. In May of 2019 DEFENDANT DONAT received the position of City Manager by a unanimous vote. DEFENDANT DONAT works from City Hall in Newburgh located at 83 Broadway, Orange County, New York. DONAT is a decision maker and policy setter for the DEFENDANT NEWBURGH and was at all times a State Actor.

## FACTUAL ALLEGATIONS

20.     PLAINTIFF is female, and was employed by DEFENDANT NEWBURGH for nine (9) years.

4

21.     In March of 2010 , PLAINTIFF was first hired by DEFENDANT NEWBURGH as a senior typist in the City's Engineering Department. The position is included within the Civil Service Employee's Association, Inc. collective bargaining unit.

22.     PLAINTIFF was promoted to Executive Assistant to the City Manager (then Michael Ciaravino) on July 16, 2014.

23.     On December 14, 2018, then City Manager Michael Ciaravino resigned and DEFENDANT DONAT became Interim City Manager. PLAINTIFF became his Executive Assistant.

24.     At all times relevant to this Complaint PLAINTIFF was, and remained, qualified for the positions she held and the work she was required to perform.

25.     PLAINTIFF began to experience sexual harassment by DEFENDANT DONAT while employed by DEFENDANT NEWBURGH during February and March 2019. DEFENDANT DONAT sent a series of improperly and sexually suggestive text messages including emojis.

26.     On February 12, 2019, when the weather was bad, DEFENDANT DONAT offered to drive PLAINTIFF home. PLAINTIFF declined at which time DEFENDANT DONAT wrote that he was, "more than happy to bring you a bite to eat or anything else" PLAINTIFF declined this offer as well.

27.     On February 15, 2019 DEFENDANT DONAT asked PLAINTIFF to recommend a spa, as his "back was real tight". PLAINTIFF recommended two spas to DEFENDANT DONAT. PLAINTIFF asserts that from a conversation at work, DEFENDANT DONAT knew that PLAINTIFF taught meditation at a local spa.

28.     On February 21, 2021, after an exchange about PLAINTIFF and DEFENDANT checking in with each other, DEFENDANT wrote, "We are here for each other" with a winking face

5

emoji at the end of the sentence.

29.    Additionally, on February 21, 2021, DEFENDANT DONAT sent another text which stated, "If we get out early, maybe we can spend some time out tonight" and "But since all I got in life is my j-o-b and no one to go home too {sic}...I got all night". PLAINTIFF replied "You and me haha" with a crying face emoji.

30.    Throughout this time PLAINTIFF attempted to politely indicate that the DEFENDANT's attentions were unwanted and unwelcome. This did not please DEFENDANT DONAT.

31.    On or about March of 2019, DEFENDANT DONAT began to retaliate against the PLAINTIFF.

32.    On March 27, 2019 DEFENDANT DONAT aggressively criticized PLAINTIFF's work.

33.    On April 1, 2021, DEFENDANT DONAT uncharacteristically told PLAINTIFF that she should not schedule anything without his approval. PLAINTIFF had previously scheduled each City Manager, including DEFENDANT DONAT up to that date without any problems or criticism. PLAINTIFF left work early that day because she did not feel comfortable or safe.

34.    On April 6, 2019, PLAINTIFF submitted a complaint and emailed DEFENDANT NEWBURGH's Corporation Counsel stating, she had been absent since April 1, 2019, because she did not feel comfortable and safe in her work environment. PLAINTIFF, informed Corporation Counsel that "Mr. Donat has made inappropriate advances towards me". Additionally, Plaintiff stated that when she rebuffed his advances DEFENDANT DONAT became aggressively critical regarding her work performance.

35.     Upon PLAINTIFF filing her complaint, she was placed on a leave of absence effective April 6, 2021. PLAINTIFF was then told that DEFENDANT NEWBURGH was conducting an investigation based on her complaint.

36.     After DEFENDANT NEWBURGH's Corporation Counsel conducted its investigation, PLAINTIFF emailed DEFENDANT NEWBURGH's Corporation Counsel on May 23, 2019, to ask what provisions had been made to address her concerns for her safety, and unwanted sexual advances, and retaliation. DEFENDANT NEWBURGH's Corporation Counsel informed PLAINTIFF that the investigation deems PLAINTIFF's concerns unfounded and that her leave of absence was rescinded and she was ordered to return to work.

37.     PLAINTIFF objected to DEFENDANT's Corporation Counsel not doing anything about her work environment. PLAINTIFF did not feel safe after DEFENDANTS' investigation found no discrimination and was uncomfortable returning to the toxic and hostile work environment created by DEFENDANT DONAT.   Although PLAINTIFF was ordered to return to work DEFENDANTS made no provisions or attempts to address her concerns and discomfort. When PLAINTIFF did not return to work and her employment was terminated on June 14, 2019.

38.     On or about June 6, 2019, PLAINTIFF filed her complaint of discrimination and retaliation for opposing discrimination, sexual harassment, hostile work environment and wrongful termination against DEFENDANTS through PLAINTIFF'S counsel with New York State Division of Human Rights (herein "NYSDHR), Case No. 102249 and cross filed with the Equal Employment Opportunity Commission (herein EEOC), Federal Charge No. 16GB903976.

39.     On or about December 31, 2019, NYSDHR's FINAL INVESTIGATION REPORT AND BASIS FOR DETERMINATION notes that DEFENDANTS states, "their internal

investigation revealed no violation of their policy", but the Division investigation does support that the PLAINTIFF's factual allegations did occur.

40.    Additionally, NYSDHR FINAL INVESTIGATION REPORT states the following:

> DEFENDANT NEWBURGH and DEFENDANT DONAT claim that the text exchange between DONAT and PLAINTIFF was not sexual. Certainly, some of it can be fairly read as not sexual, such as his offer to drive her home in bad weather. However, it is difficult to interpret as anything but overtures such messages as, "If we get out early, maybe we can spend some time out tonight" and "But, since all I got in life is my j-o-b and no one to go home too [sic}...I got all night."

41.    NYSDHR made a PROBABLE CAUSE finding, based upon NYSDHR's FINAL INVESTIGATION REPORT AND BASIS FOR DETERMINATION, also dated December 31, 2019 in which NYSDHR explicitly states that the text exchanges between PLAINTIFF, a long term employee, and her new supervisor, support that PLAINTIFF had valid reasons for raising her concerns, even if her concerns did not rise to a violation of the law.

42.    DEFENDANT NEWBURGH, through their agents and employees, discriminated against the PLAINTIFF in her employment based on PLAINTIFF's gender, and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, and subjected PLAINTIFF to a hostile work environment, sexual harassment, and retaliation; as well as the wrongful termination of PLAINTIFF in violation of Title VII, New York Executive Law § 296 and 42 U.S.C. § 1983.

43.    DEFENDANT's terminated PLAINTIFF rather than address her valid complaints and address her request to be free from sexual harassment, as well as for a safe and discrimination free work environment.

8

## AS AND FOR A FIRST COUNT
## TITLE VII, CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000e
## <u>HOSTILE WORK ENVIRONMENT</u>

44.     PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through 43 inclusive of this Complaint, with the same force and effect as though herein fully set forth herein.

45.     DEFENDANT NEWBURGH subjected PLAINTIFF to discriminatory conduct including, but not limited to, DEFENDANT DONAT who held the position of Interim City Manager of CITY OF NEWBURGH.

46.     The DEFENDANT NEWBURGH through their agents and employees, discriminated against the PLAINTIFF in her employment based on PLAINTIFF's gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by creating, and maintaining, a toxic and hostile work environment laced with abuse of authority, acts of sexual harassment.  Further, the work environment was rendered hostile and toxic by the repeated sexual harassment, texts, and abusive actions to which PLAINTIFF was subjected to, while knowing that her job would be in jeopardy if she complained.

47.     As a direct result of said acts, PLAINTIFF has suffered and continues to suffer loss of income.  PLAINTIFF suffered loss of other employment benefits and continues to suffer distress, humiliation, embarrassment, great financial expense and damage to her reputation.

48.     As a result of the DEFENDANT NEWBURGH discriminatory acts through their agents and employees, PLAINTIFF is now suffering, and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish and humiliation, and that PLAINTIFF is entitled to damages sustained to date and continuing in excess of the amount of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

## AS AND FOR A SECOND COUNT
## TITLE VII, CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000e
## <u>SEXUAL HARASSMENT</u>

49.     PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through

48 inclusive of this Complaint, with the same force and effect as though herein fully set forth herein.

50.     PLAINTIFF attempted to dissuade DEFENDANT DONAT from sending her texts

which were viewed by PLAINTIFF as having inappropriate sexual overtures.

51.     On or about April 1, 2019, PLAINTIFF left work early because she did not feel safe

in her work environment because of DEFENDANT DONAT's behavior towards her.

52.     PLAINTIFF not only resisted these acts, but reported them to DEFENDANT

NEWBURGH's Corporation Counsel, on or about April 6, 2019, via email PLAINTIFF stated that

"Mr. Donat made inappropriate advances towards me". Additionally, PLAINTIFF alleged that when

she rebuffed his advances, DEFENDANT DONAT began to retaliate by becoming aggressively

critical of her.

53.     DEFENDANT DONAT'S inappropriate texts were part of an ongoing pattern of

abuse which made the work environment hostile, unwelcoming, intolerable and toxic to which

PLAINTIFF was subjected for a period of time and began almost immediately after his hire by

DEFENDANT NEWBURGH in 2018, and escalated to unsolicited and inappropriate and unwanted

attention. Despite knowing of the hostile work environment, DEFENDANT NEWBURGH's

Corporation Counsel failed to take any action to remedy or address the ongoing sexual harassment

in the work environment.  In fact they took actions to support the complained of behavior.

54.     The DEFENDANT NEWBURGH, through their agents and employees, discriminated

against the Plaintiff in her employment based on Plaintiff's gender in violation of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by creating and maintaining a toxic and hostile work environment, acts of sexual harassment, and threatening Plaintiff's employment while engaging in these discriminatory actions.

55.    As a direct result of said acts, Plaintiff has suffered, and continues to suffer loss of income.  PLAINTIFF suffered loss of other employment benefits, and continues to suffer distress, humiliation, embarrassment, great financial expense and damage to her reputation.

56.    As a result of the DEFENDANT NEWBURGH's discriminatory acts through their agents and employees, Plaintiff is now suffering, and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish and humiliation, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

## AS AND FOR A THIRD COUNT
## TITLE VII, CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000e
## WRONGFUL TERMINATION

57.    PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through 56 inclusive of this Complaint, with the same force and effect as though herein fully set forth herein.

58.    On or about May 23, 2019, PLAINTIFF emailed DEFENDANT NEWBURGH's Corporation Counsel after the conclusion of their investigation to find out what provisions had been made to address PLAINTIFF's concerns. DEFENDANT NEWBURGH's Corporation Counsel stated that the investigation deem PLAINTIFF's concerns unfounded. Additionally, PLAINTIFF was advised by DEFENDANT NEWBURGH's Corporation Counsel that her leave of absence was rescinded and she was ordered to return to work.

59.     As a result of PLAINTIFF's continued rejection of DEFENDANT DONAT's sexual advances, DEFENDANTS terminated PLAINTIFF, on or about June 14, 2019.

60.     The DEFENDANT NEWBURGH through their agents and employees, discriminated against the Plaintiff in her employment based on Plaintiff's gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by creating and maintaining a toxic and hostile work environment and, acts of sexual harassment therefore jeopardizing PLAINTIFF's employment while engaging in these discriminatory actions.

61.     As a direct result of said acts, PLAINTIFF has suffered, and continues to suffer loss of income. PLAINTIFF, suffered loss of other employment benefits, and continues to suffer distress, humiliation, embarrassment, great financial expense, and damage to her reputation.

62.     As a result of the DEFENDANT NEWBURGH discriminatory acts through their agents and employees, PLAINTIFF is now suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish and humiliation, and that PLAINTIFF is entitled to damages sustained to date and continuing in excess of the amount of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

## AS AND FOR A FOURTH COUNT
### TITLE VII, CIVIL RIGHTS ACT of 1964, 42 U.S.C. § 2000e
### RETALIATION

63.     PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through 62 inclusive of this Complaint, with the same force and effect as though herein fully set forth herein.

64.     In addition to retaliating against PLAINTIFF by terminating her, DEFENDANT NEWBURGH, engaged in further acts calculated to harm and damage PLAINTIFF for rebuffing the sexual advances, and raising her voice about the hostile, and toxic work environment created and

fostered by DEFENDANT NEWBURGH.

65.     The DEFENDANT NEWBURGH through their agents and employees, retaliated against the PLAINTIFF in her employment based on Plaintiff's her opposing the acts of sex discrimination, sexual harassment, sexual assault and overt and hostile work environment to which PLAINTIFF was being subjected in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended in an attempt to mask, cover up and prevent PLAINTIFF from complaining about and furthering her complaints about the toxic and hostile work environment laced with abuse, acts of discrimination, acts of sexual harassment and assault and threatening PLAINTIFF's employment while engaging in these discriminatory actions.

66.     As a direct result of said acts, PLAINTIFF has suffered, and continues to suffer loss of income.  PLAINTIFF suffered loss of other employment benefits and continues to suffer distress, humiliation, embarrassment, great financial expense and damage to her reputation.

67.     As a result of the DEFENDANT NEWBURGH  discriminatory and retaliatory acts through their agents and employees, PLAINTIFF is now suffering and will continue to suffer irreparable injury and monetary damages, as well as damages for mental anguish and humiliation, and that PLAINTIFF is entitled to damages.

### AS AND FOR A FIFTH COUNT
### NYS HUMAN RIGHTS LAW, EXECUTIVE LAW ART. 15

68.     PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through 67 inclusive of this Complaint, with the same force and effect as though herein fully set forth.

69.     The above discriminatory pattern and practice based on gender, sex,  hostile work environment, and in retaliation for reporting discrimination based on race, religion, gender, and sexual harassment by Defendants, their agents, and employees violates New York State law.

13

70.     DEFENDANT NEWBURGH was on notice from at least April 6, 2019,  of the

sexual harassment, and hostile work environment perpetrated by DEFENDANT NEWBURGH's

Interim City Manager, DEFENDANT DONAT, and failed to remedy these concerns.

71.     PLAINTIFF was ultimately wrongfully terminated for refusing DEFENDANT

DONAT's sexual advances "*quid pro quo*" and in retaliation for reporting the sexual harassment.

72.     As a direct and proximate result of said acts, PLAINTIFF has been deprived of her

rights and freedoms, mentally and physically harmed, to the extent of which PLAINTIFF suffered

from the loss of her employment through a wrongful termination. PLAINTIFF, has been the subject

of sexual harassment and a hostile work environment. PLAINTIFF has been subjected to

humiliation, loss of dignity, loss of title/status, disregard for her seniority, wrongful removal from

her position, loss of health insurance , and suffered a diminished quality of life. PLAINTIFF, has

incurred incidental fees/damages, loss of pay, loss of benefits, and other damages/injuries due to the

wrongful termination from her career, and employment  as a result of the retaliatory actions

perpetrated by DEFENDANTS.

73.     As a result of DEFENDANT's acts, PLAINTIFF suffered, and is entitled to damages

sustained to date and continuing in excess of five million ($5,000,000.00) dollars as well as punitive

damages, costs and attorney's fees.

### AS AND FOR A SIXTH COUNT
### 42 U.S.C. §1983 - FOURTEENTH AMENDMENT

74.     PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through

73 inclusive of this Complaint, with the same force and effect as though herein fully set forth.

14

75.     The DEFENDANT DONAT was at all times relevant to the complaint a policy setter and decision maker.  As a state actor DONAT engage in actions and abuses which violate and deny PLAINTIFF her rights as provided under the Fourteenth Amendment of the United States Constitution thus violating her Fourteenth Amendment right of equal protection and substantive due process in discriminating against PLAINTIFF, because of, and account of her gender.

76.     DEFENDANT DONAT's actions as a state actor, infringed upon, and was violative of PLAINTIFF's rights protected under the Fourteenth Amendment of the United States Constitution. DEFENDANTS' actions were intended to deprive PLAINTIFF of her rights and to place and chilling effect upon the exercise of such rights by PLAINTIFF and other persons as is their right as provided by the U.S. Constitution and exercise such rights.

77.     PLAINTIFF, a woman, has been treated differently on account of her gender and treated differently from similarly situated male employees, and PLAINTIFF has been abused and violated because of her gender.

78.     DEFENDANT DONAT's actions  have caused PLAINTIFF to suffer, and have resulted in diminishing her employment, loss of promotion, and the ability to advancement in her employment.

79.     DEFENDANT DONAT knew that he was discriminating against and violating PLAINTIFF's rights. DEFENDANT DONAT further retaliated against PLAINTIFF for her opposition to acts of discrimination in violation of 42 U.S.C. §1983.

80.     The DEFENDANT DONAT took no action to prevent the wrongful  actions taken against PLAINTIFF to discriminate against her, and caused her employment to be wrongfully terminated.

81.     The DEFENDANT DONAT condoned the wrongful, discriminatory, reckless, careless and intentional acts taken as set out herein, and had an affirmative responsibility to prevent, expose and reverse said wrongful, discriminatory, reckless, careless and intentional acts. Instead, DEFENDANT DONAT continued and furthered the wrongful treatment against PLAINTIFF, because of her gender by .

82.     As a direct and proximate result of said acts, PLAINTIFF has suffered and continues to suffer diminished employment, loss of income, loss of employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation.

83.     As a result of DEFENDANTS' acts, PLAINTIFF suffered  and is entitled to, damages sustained to date and continuing in excess of five million dollars ($5,000,000.00), as well as punitive damages, costs and attorney 's fees.

## AS AND FOR A SEVENTH  COUNT
## 42 U.S.C. §1983 - MUNICIPAL VIOLATIONS

84.     PLAINTIFF repeats and reiterates the allegations set forth in paragraphs 1 through 83 inclusive, of this Complaint, with the same force and effect as though herein fully set forth.

85.     The DEFENDANT DONAT was at all times relevant to the complaint a policy setter and decision maker.

86.     DEFENDANTS NEWBURGH and DONAT, acting under color of law, and through their employees servants, agents and designees, have engaged in a course of action and behavior rising to the level of a policy, custom, and condoned practice, in abusing the rights and discriminating against persons situated as PLAINTIFF is, which has deprived PLAINTIFF of rights, privileges and immunities secured by the Constitution and laws in violation of 42 U.S.C. §1983.

16

These actions were condoned, adopted and fostered by policy makers of DEFENDANTS NEWBURGH and by DONAT who was a policy maker.

87.     As a direct and proximate result of said acts, PLAINTIFF suffered and continues to suffer diminished employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damages to his reputation.

88.     As a result of DEFENDANTS acts, PLAINTIFF suffered, and is entitled to, damages sustained to date and continuing in excess of five million dollars ($5,000,000.00), costs and attorneys' fees as well as equitable and injunctive relief and any other relief this Court may find and just and proper.

## **PRAYER FOR RELIEF**

Plaintiff requests judgment as follows:

a.     First Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

b.     Second Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

c.     Third Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

d.     Fourth Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

e.     Fifth Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

f.     Sixth Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

g.     Seventh Cause of Action: in excess of five million ($5,000,000.00) dollars as well as punitive damages, costs and attorney's fees.

h.     Attorney's fees and costs, pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k);

i.     A declaratory judgment stating that Defendants wilfully violated Plaintiff's rights secured by federal and state laws as alleged herein;

j.     Injunctive relief: an injunction requiring Defendants to correct all present and past violations of federal and state law as alleged herein; to enjoin the Defendants from continuing to act in violation of federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws; and

k.     An Order granting such other legal and equitable relief as the court deems just and proper.

## PLAINTIFF DEMANDS A JURY TRIAL

Dated: Hempstead, New York
       April 12, 2021

                        LAW OFFICES OF
                        FREDERICK K. BREWINGTON

                  By:   _____
                        FREDERICK K. BREWINGTON
                        *Attorneys for Plaintiff*
                        556 Peninsula Boulevard
                        Hempstead, New York  11550
                        (516) 489-6959

18