USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAOMI FAY,

                Plaintiff,

  -against-

CITY OF NEWBURGH, JOSEPH P. DONAT (in his individual and official capacity),

                Defendants.

21-CV-3140 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Naomi Fay ("Plaintiff") commenced this action against Defendant City of Newburgh ("Defendant City") and Defendant Joseph P. Donat ("Defendant Donat"), in both his individual and official capacity, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 *et seq.*, 42 U.S.C. § 1983, and New York State's Human Rights Law, Executive Law § 296.

    Presently before the Court is Defendant Donat's motion (1) to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c); and (2) to dismiss the Complaint (ECF No. 3) as to Defendant Donat pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). (ECF No. 37.)

    For the foregoing reasons, Defendant Donat's motion to set aside the entry of default is GRANTED. Defendant Donat's motion to dismiss the Complaint is DENIED.

## RELEVANT BACKGROUND

    The instant dispute arises from a belated delivery of service to Defendant Donat.

    Plaintiff initiated the instant action on or about April 12, 2021. (ECF Nos. 1-3.) On May 26, 2021, Plaintiff filed the request for issuance of summons as to both Defendant City and

Defendant Donat.[1] (ECF No. 7.) On June 25, 2021, Mr. Brewington filed two affidavits of service ("AOS"), respectively as to Defendant City and Defendant Donat. (ECF No. 10.) According to both AOS, service was accepted by Deputy City Clerk Katrina Cotton on June 21, 2021, at City Hall of the City of Newburgh, 83 Broadway, Newburgh, New York ("Newburgh City Hall"). (*Id.*) However, Defendant Donat's employment with Defendant City had terminated on May 23, 2021, approximately 29 days before Plaintiff's delivery of service to Newburgh City Hall. ("Mehnert Affidavit 2" ¶ 13, ECF No. 38.)

Up until March 15, 2022, Defendant Donat never filed an appearance on the docket. On March 15, 2022, an eventful day, Plaintiff filed a proposed Clerk's Certificate of Default as to Defendant Donat ("Default Certificate") and accompanying affidavit. (ECF Nos. 26, 30.) The Clerk's Office issued the Default Certificate on the same day. (ECF No. 29.) Also on March 15, 2022, Matthew J. Mehnert ("Mr. Mehnert"), whose law firm Lamb & Barnosky LLP ("L&B") represents Defendant City, swiftly filed an affidavit in opposition to the Default Certificate on behalf of Defendant Donat. ("Mehnert Affidavit 1," ECF No. 28.) In his affidavit, Mr. Mehnert submits that Defendant Donat "in his official and personal capacities, asked [L&B] to appear on his behalf for the limited purpose of contesting this motion and seeking appropriate relief." (Mehnert Affidavit ¶ 2, ECF No. 28.)

Represented by Mr. Mehnert, Defendant Donat filed the instant motion to set aside default and to dismiss on June 2, 2022. (ECF Nos. 37-39.) Plaintiff's opposition (ECF No. 40) and Defendant Donat's reply (ECF No. 42) were subsequently filed on the same day.

---

[1] A filing error was noted on the docket for "duplicate docket entry" on June 7, 2021. (ECF No. 8.) On June 8, 2021, the Office of the Clerk of Court ("Clerk's Office") entered a notice on the docket to Plaintiff attorney Frederick K. Brewington ("Mr. Brewington") regarding the Complaint. The notice states, in pertinent part: "The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; Joseph P. Donat must be added to docket again with party text 'in his official capacity'." (ECF No. 8.) The error was promptly fixed, and electronic summons was issued on the same day to both Defendant City and Defendant Donat. (ECF No. 9.)

2

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure requires the clerk of the court to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Then the clerk, if the plaintiff's claim is for a sum certain, or the court may enter a default judgment. Fed. R. Civ. P. 55(b). After the entry of either a default or a default judgment, the defaulting party may seek to have the entry set aside. *See* Fed. R. Civ. P. 55(c) & 60(b). A court "may set aside an entry of default for good cause[.]" Fed. R Civ. P. 55(c).

"[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). The considerations, however, are the same under both rules: "[1] whether the default was willful, [2] whether setting it aside would prejudice the adversary, and [3] whether a meritorious defense is presented." *Id.* at 277; *see also* Fed. R. Civ. P. Rule 55(c). When evaluating these factors, courts "must be constantly aware of the 'strong policies favoring the resolution of genuine disputes on their merits.'" *Randazzo v. Sowin*, No. 97-cv-0967(DC), 1998 WL 391161, at *2 (S.D.N.Y. July 13, 1998) (quoting *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)). Defaults are "generally disfavored," particularly when there are issues of fact, and the defaulting party should prevail when there is doubt about whether default should be granted. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

"Where service on the defendant has not been effected properly, a default is void for lack of personal jurisdiction." *GMA Accessories, Inc. v. BOP, LLC*, No. 7-cv-3219 (LTS)(DCF), 2008 WL 762782, at *2 (S.D.N.Y. Mar. 20, 2008); *see also Sartor v. Toussaint*, 70 Fed. Appx. 11, 13

3

(2d Cir. 2002) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."); *Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc.*, 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) ("Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant.").

Rule 4 of the Federal Rules of Civil Procedure, which governs service, allows an individual to be served by the rules of the State in which the district court sits. Fed. R. Civ. P. 4(e)(1). Under New York law, personal service upon a natural person can be effectuated "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served . . ."   N.Y. C.P.L.R. § 308 (2); *see also Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177(RJD)(ST), 2022 WL 16754744, at *4 (E.D.N.Y. Aug. 29, 2022), *report and recommendation adopted,* No. No. 18-cv-7177(RJD)(ST), 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022).

## DISCUSSION

### I. Service

Defendant Donat argues that he was never properly served. The Court agrees.

An entry of default, "obtained by way of defective service is void *ab initio* and must be set aside as a matter of law." *Voice Tele Servs., Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200, 202 (S.D.N.Y. 2021) (internal citation and quotation omitted). The Court must have personal jurisdiction over a defendant to enter a default. *Hartford Fire Ins. Co. v. Queens County. Carting, Inc.*, No. 20 CV 01844 (NSR), 2022 WL 254367, at *2 (S.D.N.Y. Jan. 27, 2022). Personal jurisdiction requires proper service of process. *Id.*

Here, Plaintiff's AOS as to Defendant Donat (ECF No. 10) indicates that the attempted service was delivered to Newburgh City Hall and accepted by Deputy City Clerk Katrina Cotton

4

on June 21, 2021. It is undisputed that Defendant Donat's employment with Defendant City terminated on May 23, 2021. Thus, Newburgh City Hall was no longer Defendant Donat's "actual place of business" at the time of service. *Cf.* N.Y.C.P.L.R.§ 308(2). Good faith misbelief does not exempt Plaintiff from her responsibility to properly serve Defendant Donat. As such, service to Defendant Donat was defective, and this Court cannot exercise personal jurisdiction over Defendant Donat. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) ("[T]he plaintiff's service of process upon the defendant must have been procedurally proper [for a federal court to exercise personal jurisdiction].")

Accordingly, the Court must set aside the entry of default for lack of personal jurisdiction over Defendant Donat.

## II. Dismissal

Defendant Donat next moves to dismiss all claims against him, asserting that Plaintiff's time to serve him expired on September 20, 2021, under Fed. R. Civ. P. 4(m). The Court disagrees.

"Where service has not been proper, the Court has broad discretion either to dismiss the action or to quash the improper service and extend the time for service." *Williams-Steele v. Trans Union*, No. 12-cv-310(GBD)(JCF), 2013 WL 3892813, at *3 (S.D.N.Y. July 29, 2013), *aff'd sub nom. Williams-Steele v. TransUnion*, 642 F. App'x 72 (2d Cir. 2016) (citing *Bender v. Gen. Servs. Admin.*, No. 05-cv-6459, 2006 WL 988241, at *4 (S.D.N.Y. April 14, 2006)). Here, it was Defendant Donat's alleged misconduct—sexual harassment, retaliation, and wrongful termination—that gave rise to the instant action. As such, Plaintiff's claims against Defendant Donat should be heard on the merits. In addition, the purpose of proper service is to ensure actual notice. *Hanna v. Plumer*, 380 U.S. 460, 462 n. 1 (1965). ("The purpose of [the statute which

provides for the manner of service] is to insure . . . actual notice of claims.") Defendant Donat has now received abundantly sufficient notice of this action.

Accordingly, the Court denies Defendant Donat's motion to dismiss. Plaintiff is given thirty (30) days to effectuate proper service.

## CONCLUSION

For the foregoing reasons, Defendant Donat's motion to set aside the entry of default is GRANTED. Defendant Donat's motion to dismiss is DENIED.

The Clerk of the Court is respectfully directed to vacate the default certificate against Defendant Donat at ECF No. 29 and to terminate the motion at ECF No. 37.

Plaintiff shall have until March 4, 2023, to properly serve Defendant Donat. Failure to effectuate service by that date may result in dismissal of claims asserted against Defendant Donat.

Dated: February 2, 2023  
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN  
UNITED STATES DISTRICT JUDGE

6